UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MEGAN O'MALLEY**, on behalf of
Herself and those similarly-situated,

    Plaintiff,

v.

**GREEN PATIO, LLC**,
a Domestic Limited Liability Company,
and **RAWNAG SHABA**, Individually,

    Defendants.

Case No.

**JURY DEMAND**

---

**Michael N. Hanna, Esq.**
Michigan Bar No: P81462
Morgan & Morgan, P.A.
2000 Town Center
Suite 1900
Southfield, MI 48075
(313) 739-1950
MHanna@forthepeople.com

*Attorney for Plaintiff*

---

# COLLECTIVE ACTION COMPLAINT

Plaintiff, **MEGAN O'MALLEY**, bring this action on behalf of herself and other similarly-situated tipped employees, and files this Collective Action Complaint against Defendants, **GREEN PATIO, LLC**, d/b/a Bombshells Bar & Eats ("Bombshells Bar & Eats"), a Domestic Limited Liability Company, and its owner, **RAWNAG SHABA**, individually ("Shaba") and states as follows:

## **PARTIES**

1. At all times material to this action, Plaintiff was a resident within the jurisdiction of the Eastern District of Michigan.

2. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*, hereinafter referred to as "FLSA"). Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

3. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of Michigan's Workforce Opportunity Wage Act (Public Act 138 of 2014, hereinafter referred to as "WOWA").

4. Defendant, Green Patio, LLC, is a Michigan limited liability Company, with its registered office located in Madison Heights, Michigan.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. Defendants' business operation is located in Warren, Michigan, and Defendants regularly conduct business in this jurisdiction.

7. Upon information and belief, at all times material hereto, Defendant, Rawnag Shaba, was an individual resident of the State of Michigan who owned and operated Green Patio, LLC, and who regularly held and/or exercised authority to:

      (a) hire and fire employees of Bombshells Bar & Eats;

      (b) determine the work schedules for the employees of Bombshells Bar & Eats; and

      (c) control the finances and operations of Bombshells Bar & Eats.

8. Defendant Shaba is the owner of Bombshells Bar & Eats.

9. Defendant Shaba was, and continues to be, the "employer" within the meaning of the FLSA and WOWA.

10. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA and WOWA.

11. Defendant Shaba is an employer as defined by 29 U.S.C §201, *et seq.*, in that he acted, directly or indirectly, in the interests of Defendant Bombshells Bar & Eats towards Plaintiff.

12. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times material to this action, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material to this action, Defendants had two (2) or more employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, liquor, knives, chairs, tables, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

16. At all times material hereto, Plaintiff "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of, *inter alia*, her regular and recurrent processing of credit card transactions with out-of-state banks, vendors and credit card companies, as part of her regular duties for Defendants.

17. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

19. The additional persons who may become Plaintiffs in this action are Defendants' employees who were compensated at the tipped minimum wage but did not receive the entire tip credits that they are/were entitled to based on Defendants' policies.

## SUBJECT MATTER JURISDICTION AND VENUE

20. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

21. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

22. This Court has jurisdiction over the WOWA Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's WOWA Claims.

23. Venue is proper in the Eastern District of Michigan because Plaintiff resides in this District, and a substantial portion of the events forming the basis of this suit occurred in this District.

## FACTUAL ALLEGATIONS

24. Bombshells Bar & Eats is a restaurant located in Warren, Michigan.

25. Plaintiff worked for Defendants' restaurant as a nonexempt server from approximately November 2016 to July 2018.

26. When Plaintiff began working for Defendants, her hourly rate was $4.75.

27. When Plaintiff was promoted in approximately April 2019, her hourly rate was $6.00.

28. Defendants compensated Plaintiff a base pay based upon the tipped minimum wage, rather than the Michigan Minimum wage, and therefore, took a tip credit toward its minimum wage obligation to Plaintiff.

29. Despite the fact that Defendants purport to take the tip credit with respect to Plaintiff and its other server employees, it fails to adequately put them on notice of its intent to take the tip credit throughout times within the relevant time period.

30. Defendants were not entitled to take the tip credit with respect to its servers, including Plaintiff, because it failed to put its servers, including Plaintiff, on notice of its intent to take the tip credit.

31. Defendants also require/required its tipped servers and bartenders to share tips among other waiters/servers and bartenders.

32. However, Defendant did not/does not provide its tipped employees, including Plaintiff, with the entire tip pool earned.

33. Moreover, Plaintiff was required to incur certain work expenses that she was not reimbursed for.

34. Defendants therefore failed to compensate Plaintiff at the applicable minimum wage for her hours worked. Instead, Defendants purported to take the tip credit and paid Plaintiff sub-minimum wages for all hours worked.

35. As a result of Defendants' policies, Defendants were not entitled to offset the tips Plaintiff received against the usual statutory minimum hourly wage rate, and not entitled to pay Plaintiff the lower hourly minimum wage that ordinarily applies to tipped employees.

36. Defendants' failure to permit the Plaintiff and other similarly situated employees to retain all tips received, and/or improper tip sharing invalidates the "tip credit" for Plaintiff.

37. Plaintiff worked in excess of forty (40) hours in various weeks throughout the duration of her employment with Defendant.

38. Plaintiff was not properly compensated for all her overtime hours worked during the relevant time period.

39. Instead, Defendant systematically paid, and continue to pay, Plaintiff and other similarly-situated employees for substantially fewer hours than they actually worked.

40. When Plaintiff, along with other tipped employees, clocked in and clocked out, the time punch record would always reflect 0.00 hours.

41. At all times relevant hereto, Defendants compensated and continue to compensate all of its servers in the same manner in which Plaintiff was compensated, whereby Defendants fail/failed to permit its tipped employees to retain all tips received, based on Defendants' improper tip sharing scheme.

42. As a result of Defendants' policies, Defendants are/were not entitled to offset the tips Plaintiff received against the usual statutory minimum hourly wage rate, and not entitled to pay Plaintiff the lower hourly minimum wage that ordinarily applies to tipped employees.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

43. Plaintiff incorporates paragraphs 1 – 42 as if fully set forth herein.

44. Defendants' practice of failing to pay Plaintiff and Class Members time-and-a half rate for hours in excess of forty (40) per workweek violates the FLSA. *See* 29 U.S.C. § 207.

45. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206

46. Plaintiff incorporates paragraphs 1 – 42 as if fully set forth herein.

47. Defendants violated Plaintiff's rights to the full minimum wage pursuant to 29 U.S.C. § 201, *et seq.*

48. Defendants' practice of paying Plaintiff a direct wage at the required minimum wage rate violates the FLSA. *See* 29 U.S.C. § 206.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

## COUNT THREE: FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WOWA (M.C.L. § 408.414)

50. Plaintiff incorporates paragraphs 1 – 42 as if fully set forth herein.

51. The WOWA requires an employer to pay nonexempt employees at least the state minimum wage for all hours worked.

52. At all relevant times, Defendants failed to pay the required minimum wages to nonexempt employees.

53. Plaintiff is a nonexempt employee.

54. Defendants' violations of the WOWA were knowing and willful. Defendants knowingly failed to pay at least the state minimum wage, as a matter of company policy and in flagrant disregard of the WOWA.

55. The WOWA, M.C.L. § 408.419, provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid wages, an equal additional amount as liquidated damages, and attorneys' fees.

56. Plaintiff was entitled to be paid at least the Michigan minimum wage for each hour/week worked during employment with Defendant.

57. Plaintiff is also entitled to all of the misappropriated funds, and all tips that were taken. Without repayment of such fees, Plaintiff will not have been paid minimum wage.

58. Plaintiff was not paid the proper minimum wage, as required by WOWA.

59. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages

for one or more weeks of work with Defendants.

60. Plaintiff is entitled to an award of damages in an amount equal to the relevant Michigan Minimum Wage, and an equal amount as liquidated damages.

61. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to the Workforce Opportunity Wage Act, Public Act 138 of 2014.

## **PRAYER**

For these reasons, Plaintiff respectfully request that judgment be entered in her favor awarding the following relief:

a. An Order declaring that Defendants violated the FLSA and WOWA and their regulations;

b. An Order declaring Defendants' violations of the FLSA and WOWA were willful;

c. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

d. An Order awarding attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    f.    Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    g.    All unpaid wages at the FLSA mandated minimum wage rate;

    h.    All unpaid wages at the Michigan mandated minimum wage rate;

    i.    All misappropriated tips;

    j.    An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA and WOWA; and

    k.    Such other relief to which Plaintiff may be entitled, at law or in equity.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully Submitted,

By: /s/ *MICHAEL N. HANNA*
MICHAEL N. HANNA (P81462)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, MI 48075
Telephone: (313) 739-1950
MHanna@forthepeople.com

*Attorney for Plaintiff*

Dated: April 12, 2019