UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN O'MALLEY,

       Plaintiff,                                Case Number 19-11070

v.                                                 Honorable David M. Lawson

GREEN PATIO, LLC and RAWNAG
SHABA,

       Defendants.
_____/

## ORDER GRANTING IN PART JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on a belated joint motion by the parties to approve the terms of their settlement agreement. The plaintiff sued her former employer under the Fair Labor Standards Act (FLSA), alleging that the defendants failed to remunerate to her all of the tips that she should have received as a tipped server at the defendants' restaurant and that, as a result, the defendants were not entitled to pay her at the lower tipped-employee minimum wage per hour. She contends that she should have received compensation at the ordinary statutory minimum wage.

The parties initially sought to dismiss the case on their stipulation, insisting that they had reached a settlement and the Court should play no role in determining whether their agreement was proper. When the Court notified the parties that a motion to approve the settlement was required, plaintiff's counsel furnished case law to the Court, which, he contended, supported his proposal to dismiss the case without court approval. His cited authority does not support his position.

An employee's rights to minimum wages under the FLSA are mandatory and not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a *bona fide* dispute arises

between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 09-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)).

The case cited by plaintiff's counsel does not say what he says it does. In the order referenced, the district court cited *Lynn's Food Stores* and then approved the settlement. *Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-CV-20757, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) ("[T]he Court has reviewed the Parties' Motion and settlement agreement and it appears to the Court that due cause exists to grant this motion, approve the settlement agreement and dismiss the case with prejudice with the Court to retain jurisdiction to enforce the terms of the Agreement."). The Fifth Circuit case cited in the district court order also does not imply that approval is not required; it only reiterates the established law that claims may be compromised by settlement if there is a "*bona fide* dispute" about the amount owed. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) ("[W]e hold that the payment offered to and accepted by Appellants, pursuant to the Settlement Agreement, is an enforceable resolution of those FLSA claims predicated on a *bona fide* dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves.").

There can be no settlement of an FLSA claim without court approval. That means that until the court passes on the propriety of a proposed settlement, no money should change hands, and certainly no attorney fee should be paid to the claimant's lawyer.

The Court held a hearing on this motion August 21, 2019. During that hearing the parties put the terms of their proposed settlement on the record, which calls for, among other things, payment by the defendants of "gross settlement proceeds" in the amount of $12,000. Attorney fees of $5,400 were deducted from that amount, leaving net settlement proceeds of $6,600 that were paid to the plaintiff, which was allocated as $3,300 in liquidated damages and $3,300 in unliquidated damages. This settlement was presented to the Court as a *fait accompli*, as the attorneys informed the Court that the defendants had paid the settlement and the money had been distributed between the plaintiff and her attorney.

As to the reasonableness of the settlement, plaintiffs' counsel represented that the highest claim for unpaid wages advanced by the plaintiff was approximately $9,000, which was calculated based on the difference between the tipped employee minimum wage that was paid and the ordinary minimum wage over the entire span of the plaintiff's tenure, assuming she worked 30 hours per week. The parties represented that a good faith dispute exists between them over the exact amount and number of hours of compensation due the plaintiff, because the defendants did not maintain any detailed records of the allocation of pooled tips for the period in question, and the plaintiff also did not keep any records of the tips that she says she should have received but did not. The plaintiff concedes that she received all of the cash tips to which she was entitled; her dispute was over tips from credit card sales that were put into a pool and split between all employees on duty on each night. Plaintiff's counsel represented that his client could not say that

she was deprived of her full tips on each shift, and she could only remember some occasions over an approximately two-year period when she believed she did not get all the tips that she was due.

The parties also asserted that there was a good faith dispute over whether the defendants' conduct was willful, particularly because the defendants did pay the plaintiff the required tipped minimum wage and some tips for each shift during the disputed period. Further, there was a dispute over whether the plaintiff was entitled to recover as damages only those tips that were due to her and unpaid (the defendants' position), or the full difference between the tipped and untipped minimum wages rates (the plaintiff's position).

As noted above, based on the representations of counsel at the hearing, the proposed payout in both liquidated and unliquidated damages covers approximately 66% of the most generous estimate of unpaid time calculated by the parties. Plaintiffs' counsel represented that the liquidated damages amount of $3,300 also exceeds the maximum claim for unpaid tips alone that the plaintiff had advanced during the litigation. The Court finds that the settlement achieves a reasonable approximation of the unpaid wages due the plaintiff and makes her whole, more or less, taking into account that one of the most significant problems for the plaintiff at trial would have been proving the amount of unpaid tips that she should have received but did not. That would have been a highly uncertain prospect given the lack of comprehensive detailed records of the tip pooling arrangement, and the plaintiff's concession that she only could recall some occasions when she was sure that she did not receive all her tips. The plaintiff therefore faced the risk that a jury would have awarded her much less than her best-case recovery due to the paucity of the available documentation to sustain her claims. In addition, the parties contested the question whether the wage regulation violations by the defendants were willfully committed, and the Court finds that there was a significant risk that the jury would have found in favor of the defendants on that point,

particularly because the evidence was undisputed that the defendants did pay the tipped minimum wage and some tips throughout the disputed time period. If the jury concluded that the violations were not willful, then a shorter limitations period of two years rather than three years would have applied, which the plaintiff conceded would have eliminated from consideration a substantial portion of the work weeks she used to calculate her demand.

Although the proposed recovery represents a discount against the plaintiff's best hopes, the settlement represents a fair and reasonable resolution of a *bona fide* dispute between the parties on the exact amount of wages and tips due, considering the significant risks and problems of proof that the plaintiff would have faced at trial. The terms of the settlement adequately establish that the parties are not employing the settlement to negotiate around the requirements of the FLSA. *White v. Premier Pallet & Recycling, Inc.*, No. 18-1460, 2018 WL 4913678, at *1 (N.D. Ohio Oct. 10, 2018) ("The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA."). The Court is sufficiently assured that the plaintiff has been made whole on her demands for unpaid wages, when taking account of the significant degree of uncertainty expressed in her estimates of the amounts that were due.

The settlement also provides for payment from the settlement fund of an attorney's fee of $4,800 and cost reimbursement of $574.56. Plaintiff's counsel has not provided the Court with any information that would justify the fee or allow the Court to evaluate its reasonableness. Generally, determining an attorney fee award under the FLSA begins with calculating the lodestar amount, which is "the number of hours worked times a reasonable hourly rate." *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Thereafter, "other considerations that may lead the district court to

adjust the fee upward or downward." *Hensley,* 461 U.S. at 434. Among those factors is "the degree of success obtained," which the Supreme Court has characterized as "the most critical factor." *Id.* at 436. That factor plays an important role here, where the settlement compromised away at least a third of the plaintiff's best estimate of her unpaid wages. The total absence of information about the work done by plaintiff's counsel, however, leaves the Court with nothing to work with.

One more related point requires comment by the Court. Counsel for the parties indicated on the record that the settlement proceeds were paid to the plaintiff, and the attorney's fee was paid to plaintiff's counsel, and deposited in his firm's general account, in May 2019, before the Court had approved the settlement, and, in fact, before the parties even had filed their joint motion seeking approval. That practice certainly violates the requirements of the FLSA, and it likely trenches upon the Michigan Rules of Professional Conduct. Rule 1.15(d) requires a lawyer to hold his or her client's property in a separate trust account. *See* Mich. R. Prof. Conduct § 1.15(d). Plaintiff's counsel was not entitled to an attorney fee in this case until the Court approved one. Until that time, the funds paid toward the settlement belonged to the plaintiff and should not have been comingled in the lawyer's general office account.

The settlement agreement itself does not trigger any apprehension of collusion aimed at skirting the requirements of the FLSA. After hearing the parties' presentations and reviewing the information submitted by the plaintiff, the Court is satisfied that the settlement itself is fair, adequate, and reasonable, and the Court therefore will grant in part the joint motion for approval. However, plaintiff's counsel must immediately restore the funds identified as an attorney's fee and cost reimbursement to a proper trust account. He must furnish the Court with sufficient

information to allow assessment of the reasonableness of the fee and costs, or transfer the funds to his client.

Accordingly, for the reasons stated herein, it is **ORDERED** that the joint motion of the parties to approve the settlement agreement (ECF No. 8) is **GRANTED IN PART**, and the settlement of the FLSA claim is **APPROVED**.

It is further **ORDERED** that plaintiff's counsel forthwith must restore to his trust account the funds he appropriated as an attorney's fee and cost reimbursement.  If he chooses to seek approval of an attorney's fee and reimbursement for costs, he must file a properly supported motion under Federal Rule of Civil Procedure 54(d) **on or before August 30, 2019**.  Otherwise, he must pay over the funds to the plaintiff.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** and without costs to either party, but either party may apply to reopen the case to enforce the settlement agreement **on or before September 26, 2019**.

It is further **ORDERED** that plaintiff's counsel must furnish the plaintiff with a copy of this order and file a proof of service.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Date:   August 26, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 26, 2019.

s/Susan K. Pinkowski<br>SUSAN K. PINKOWSKI

---